```
               IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF OHIO
                          EASTERN DIVISION
```

**TICO SMITH,**

        **Plaintiff,**

    vs.                            **Civil Action 2:13-cv-784**
                                          **Judge Smith**
                                          **Magistrate Judge King**

**CORRECTIONAL OFFICER VAN WINKLE,**
*et al.*,

        **Defendants.**

**REPORT AND RECOMMENDATION**

Plaintiff, a former inmate at the Madison Correctional Institution ("MaCI") and a current resident of Cincinnati, Ohio,[1] brings this civil rights action under 42 U.S.C. § 1983 against Defendant Van Winkle, a corrections officer at MaCI.[2]  Specifically, plaintiff alleges that defendant Van Winkle used excessive force against plaintiff in violation of plaintiff's constitutional rights. This matter is now before the Court on *Defendant Van Winkle's Motion to Dismiss*, Doc. No. 16 ("*Motion to Dismiss*").  For the following reasons, it is **RECOMMENDED** that the *Motion to Dismiss* be **DENIED**.

**I.   Plaintiff's Allegations**

As it relates to defendant Van Winkle, plaintiff alleges the following:

---

[1] Plaintiff was apparently released from prison in February 2014 and notified the Court of his change of address. *Notice of Change of Address*, Doc. No. 37.
[2] The Court previously dismissed plaintiff's claims against defendants Braden, Evans, and Parrish. *Order and Report and Recommendation*, Doc. No. 4; *Order*, Doc. No. 17.

> On May 19, 2013, Correctional Officer ("C/O") * * * [sic] Van Winkle used excessive force against Plaintiff absent any sort of aggressive or combative behavior on the behalf of Plaintiff. As a result of the use of force incident in question, Plaintiff sustained an injury above his left eye (laceration), was wrongfully disciplined by the rules infraction board ("RIB") whom [sic] deprived Plaintiff the right to call upon witnesses in [sic] his behalf who witnessed the assault upon him by C/O * * * [sic] Van Winkle, and was placed in segregation for 15 days as unjust punishment.

*Complaint*, Doc. No. 3, p. 5.[3] Plaintiff seeks injunctive and monetary relief. *Id.* at p. 7.

Defendant Van Winkle moves to dismiss the claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff opposes the *Motion to Dismiss*, Doc. No. 32 ("*Plaintiff's Response*"). With the filing of *Defendant Van Winkle's Reply in Support of His Motion to Dismiss (Doc. 16)*, Doc. No. 35 ("*Reply*"), this matter is now ripe for review.

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) attacks the legal sufficiency of the complaint. *See Roth Steel Prods. v. Sharon Steel Co.*, 705 F.2d 134, 155 (6th Cir. 1983). In determining whether dismissal on this basis is appropriate, a court must construe the complaint's allegations in the light most favorable to the plaintiff and accept as true all well-pled factual allegations. *See Janosek v. City of Cleveland*, 718 F.3d 578, 581 (6th Cir. 2013) (quoting *U.S. Citizens Ass'n v. Sebelius*, 705 F.3d 588, 597 (6th Cir. 2013)). A

---

[3] In opposing the *Motion to Dismiss*, plaintiff raises additional factual allegations. *See*, *e.g.*, *Plaintiff's Response*, p. 3. However, "[m]atters outside of the pleadings are not to be considered by a court in ruling on a 12(b)(6) motion to dismiss." *Weiner v. Klais & Co.*, 108 F.3d 86, 88-89 (6th Cir. 1997) (citing *Hammond v. Baldwin*, 866 F.2d 172, 175 (6th Cir. 1989)). Accordingly, in ruling on the *Motion to Dismiss*, the Court will not consider the factual allegations contained in *Plaintiff's Response*.

motion to dismiss will be granted only if the pleading fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.").

The Court also notes that plaintiff is proceeding in this case without the assistance of counsel. Generally, pleadings by *pro se* plaintiffs are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, courts should not interpret procedural rules "so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993). *See also Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("Neither this Court nor other courts, however, have been willing to abrogate basic pleading essentials in *pro se* suits.").

**III. ANALYSIS**

Plaintiff brings his claim of excessive force against defendant Van Winkle under 42 U.S.C. § 1983, which provides in pertinent part:

> Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983. To succeed on a claim under § 1983, a plaintiff must establish that (1) a person (2) acting under color of state law

3

(3) deprived him of his rights secured by the Constitution of the United States or its laws.  *Waters v. City of Morristown*, 242 F.3d 353, 358-59 (6th Cir. 2001).  Because § 1983 is a method for vindicating federal rights, and is not itself a source of substantive rights, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

For an inmate convicted of a criminal offense, "the Eighth Amendment [to the United States Constitution] . . . serves as the primary source of substantive protection . . . where the deliberate use of force is challenged as excessive and unjustified."  *Whitley v. Albers*, 475 U.S. 312, 327 (1986).  Accordingly, it is the Eighth Amendment that governs plaintiff's claims.

In analyzing excessive force claims under the Eighth Amendment, courts consider "'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'"  *Combs v. Wilkinson*, 315 F.3d 548, 556 (6th Cir. 2002) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)).  This analysis contains both a subjective and an objective component.  *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011).

"The subjective component focuses on the state of mind of the prison officials.  The relevant inquiry is 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" *Id.* (quoting *Hudson*, 503 U.S. at 6).  Relevant factors to consider include "the extent of injury suffered by an inmate, 'the need for

4

application of force,' the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Combs*, 315 F.3d at 556-57 (quoting *Hudson*, 503 U.S. at 7).

The objective component of an Eighth Amendment excessive force claim requires that a plaintiff's injury or pain be "'sufficiently serious.'" *Williams*, 631 F.3d at 383 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). This component is "contextual and responsive to 'contemporary standards of decency.'" *Hudson*, 503 U.S. at 8 (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). *See also Hudson*, 503 U.S. at 9 ("When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated."). However, not "every malevolent touch" by a prison guard gives rise to a federal cause of action. *Id.* at 9.

Here, Plaintiff has pleaded facts that, if taken as true, satisfy both the subjective and the objective prongs of an excessive force claim under the Eighth Amendment. First, as to the subjective prong, plaintiff alleges that defendant Van Winkle used excessive force against him without "any sort of aggressive or combative behavior on the behalf of Plaintiff." *Complaint*, p. 5. This allegation is sufficient to establish a culpable state of mind. *See, e.g., Combs*, 315 F.3d at 556 (directing courts to consider, *inter alia*, the need to apply force and the threat perceived by the officer).

Next, as to the objective prong, plaintiff alleges that he, "[a]s a result of the use of force incident in question, . . . sustained an

injury above his left eye (laceration)." *Complaint*, p. 5. At this stage of the litigation, the Court concludes that this allegation is sufficient to establish the objective prong.

Defendant Van Winkle argues that plaintiff's allegations constitute nothing more than legal conclusions of excessive force. *Motion to Dismiss*, pp. 4-5. This Court disagrees. The *Complaint* alleges that defendant Van Winkle used force without provocation or justification, resulting in physical injury to plaintiff. Construed in a light most favorable to plaintiff, the *Complaint* states a plausible claim for relief at this stage in the litigation. *See*, *e.g.*, *Iqbal*, 556 U.S. at 679.

Defendant Van Winkle also argues that plaintiff's reference to his subsequent conviction by the Rules Infraction Board implies that the force used against plaintiff was necessary rather than excessive. *Motion to Dismiss*, p. 5 n.1. However, because a motion under Rule 12(b)(6) is directed solely to the sufficiency of the complaint itself, *see Roth Steel Products*, 705 F.2d at 155, the Court need only decide whether Plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Accordingly, the Court need not, and does not, decide at this stage whether plaintiff will ultimately prevail on his claim.

In short, plaintiff's factual allegations are, in this Court's view, sufficient to state a claim for excessive force under § 1983 against defendant Van Winkle.

It is therefore **RECOMMENDED** that *Defendant Van Winkle's Motion to Dismiss*, Doc. No. 16, be **DENIED**.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

May 6, 2014                                         *s/Norah McCann King*
                                                     Norah M<sup>c</sup>Cann King
                                              United States Magistrate Judge