IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TICO SMITH,**

    **Plaintiff,**

 vs.            Civil Action 2:13-cv-784
                Judge Smith
                Magistrate Judge King

**CORRECTIONAL OFFICER VAN WINKLE,**
*et al.***,**

    **Defendants.**

## REPORT AND RECCOMENDATION

On June 9, 2014, defendant Van Winkle filed a motion for summary judgment ("*Defendant's Motion*"). Doc. No. 42. Plaintiff, who is no longer incarcerated, was twice advised that response to *Defendant's Motion* was due July 3, 2014. *Order*, Doc. No. 41; *Order*, Doc. No. 43. Plaintiff has nevertheless failed to respond to *Defendant's Motion.* It is **RECCOMMENDED** that *Defendant's Motion* be **GRANTED**.

Plaintiff initiated this action while incarcerated at the Madison Correctional Institution ("MACI"). The only claim remaining in this action is plaintiff's claim that, on May 19, 2013, defendant Van Winkle, a Corrections Officer at MACI, applied excessive force in violation of plaintiff's constitutional rights.[1] In *Defendant's Motion*, defendant Van Winkle argues that this remaining claim cannot proceed because plaintiff failed to exhaust his administrative remedies before

---

[1] All other claims against all other defendants have been dismissed. *Order and Report and Recommendation*, Doc. No. 4; *Order*, Doc. No. 17.

bringing this action.

The Prison Litigation Reform Act requires that a prisoner filing a claim under federal law relating to prison conditions must first exhaust available administrative remedies. *Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001).[2] The statute provides, in pertinent part:

> No action shall be brought with respect to prison conditions under [section 1983 of this title], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

In order to satisfy this exhaustion requirement, an inmate plaintiff must "complete the administrative review process in accordance with the applicable procedural rules[.]" *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). "Failure to exhaust is an affirmative defense under the PLRA, and [] inmates are not required to specifically plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). Exhaustion is not a jurisdictional predicate but the requirement is nevertheless mandatory, *Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999), even if proceeding through the administrative procedure would appear to the inmate to be "futile." *Hartsfield v. Vidor*, 199 F.3d 305, 308-10 (6th Cir. 1999).

Ohio has established a procedure for resolving inmate complaints. Ohio Admin. Code § 5120-9-31. The procedure is available to an inmate

---

[2] A plaintiff-inmate's subsequent release from confinement will not excuse this exhaustion requirement. *Cox v. Mayer*, 332 F.3d 422 (6th Cir. 2003).

"regardless of any disciplinary status, or other administrative or legislative decision to which the inmate may be subject," §5120-9-31(D), and is intended to "address inmate complaints related to any aspect of institutional life that directly and personally affects the grievant," including "complaints regarding policies, procedures, conditions of confinement. . . ." § 5120-9-31(A).  Certain matters are not grievable, however, including "complaints unrelated to institutional life, such as legislative actions, policies and decisions of the adult parole authority, judicial proceedings and sentencing or complaints whose subject matter is exclusively within the jurisdiction of the courts or other agencies." § 5120-9-31(B).

    Ohio employs a three-step grievance procedure.  First, an inmate must file an informal complaint within fourteen days of the event giving rise to the complaint. § 5120-9-31(K)(1).  The informal complaint must be filed "to the direct supervisor of the staff member, or department most directly responsible for the particular subject matter of the complaint." *Id*.  If the informal complaint is resolved in a manner that is unsatisfactory to the inmate, he must file a notification of grievance with the inspector of institutional services within fourteen days. § 5120-9-31(K)(2).  If the inmate is dissatisfied with the disposition of the grievance, he must then appeal to the office of the chief inspector within fourteen days. § 5120-9-31(K)(3).  "The decision of the chief inspector or designee is final." *Id.*  Remedies for valid grievances include "changes to institutional policies or procedures, the implementation of new

policies or procedures, and/or corrective action specific to the inmate's complaint." § 5120-9-31(L).

Plaintiff's claim against defendant van Winkle is subject to the grievance procedure because it relates to a condition of confinement. *See* § 5120-9-31(A). Under the applicable rules, plaintiff was required to file an informal grievance about the May 19, 2013 incident within fourteen days, or by June 3, 2013. *See* § 5120-9-31(K)(1). The uncontroverted evidence establishes that plaintiff has never filed an informal complaint against defendant Van Winkle and the alleged use of excessive force on May 19, 2013. *Affidavit of Antonio Lee* ("*Lee Affidavit*"), attached to *Defendant's Motion*, Doc. No. 42-1, at ¶¶ 5, 12.[3] Under these circumstances, defendant is entitled to summary judgment on the claim against him.

It is therefore **RECOMMENDED** that defendant's motion for summary judgment, Doc. No. 42, be granted and that this action be dismissed without prejudice for failure to exhaust available administrative remedies.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28

---

[3] Plaintiff did, apparently, file two informal complaints about the procedures followed in connection with certain administrative hearings. *Lee Affidavit*, ¶ 13. Plaintiff also apparently pursued a grievance against former defendant Parrish in connection with her response to plaintiff's complaints. *Id*. at ¶ 14.

4

U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

DATE: July 8, 2014                         *s/Norah McCann King*
                                            Norah M<sup>c</sup>Cann King
                                        United States Magistrate Judge

5