# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**TICO SMITH,**

       **Plaintiff,**

vs.                                                      Case No.: 2:13-cv-784
                                                              **JUDGE SMITH**
                                                              **Magistrate Judge King**

**CORRECTIONAL OFFICER
VAN WINKLE,** *et al.*,

       **Defendants.**

## ORDER

       On July 8, 2014, the United States Magistrate Judge issued a *Report and Recommendation* recommending that Defendant Van Winkle's Motion for Summary Judgment be granted for failure to exhaust administrative remedies. (*See Report and Recommendation*, Doc. 48).  The parties were advised of their right to object to the *Report and Recommendation*. This matter is now before the Court on Plaintiff Tico Smith's Objections to the *Report and Recommendation*.  (*See* Doc. 49).  The Court will consider the matter *de novo*.  See 28 U.S.C. § 636(b)(1);  Fed. R. Civ. P. 72(b)(3).

       Plaintiff is arguing for the first time in his objections that through discovery, he can establish that he filed an informal complaint and he can further establish the use of excessive force by Defendant Van Winkle.  (Doc. 49, Pl.'s Response at 3).  Defendant, however, argues that because Plaintiff failed to respond to Defendant's Motion for Summary Judgment, these newly-raised arguments are procedurally barred.  The Court agrees.  "[A]bsent compelling

reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 (6th Cir. 2000); *see also United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998).

Even if Plaintiff's objections were properly before the Court, Plaintiff has failed to present any evidence in support of his assertion that he did file an informal complaint and therefore complied with the Prison Litigation Reform Act that requires prisoners to first exhaust administrative remedies before filing a federal lawsuit. Accordingly, for the reasons set forth in detail in the *Report and Recommendation*, this Court finds that Plaintiff's objections are without merit.

The *Report and Recommendation,* Document 48, is **ADOPTED** and **AFFIRMED.** Defendant Van Winkle's Motion for Summary Judgment is hereby **GRANTED** and this action is dismissed without prejudice for failure to exhaust available administrative remedies.

The Clerk shall remove Documents 42 and 48 from the Court's pending motions list.

The Clerk shall remove this case from the Court's pending cases list.

       **IT IS SO ORDERED**.

       */s/ George C. Smith*
       **GEORGE C. SMITH, JUDGE**
       **UNITED STATES DISTRICT COURT**